Gaston, J.
 

 In the year 1807, David Coble and Samuel Lindsay made a parol agreement, whereby the former was to exchange with the latter three acres of land at the bend of Shockley’s creek, called the Falls, of which the said David was supposed to be seized in fee as part of a tract which had been conveyed to him by John Bell, for three acres situated lower down on said crelc, belonging to said Samuel
 
 *605
 
 Lindsay, No obligation was taken from Lindsay for the performance of his part of this agreement, but Coble, on the 2d of June, 1807, executed a bond to Lindsay in-the penal sum of $500, with condition to convey the three acres in the bend, whenever thereunto required. Lindsay entered into possession under this bond, and erected a mill at the falls, and died in 1814, without having executed any conveyance of the three acres, which .were to have been conveyed by him, or receiving any conveyance from Coble. ■
 

 A few years after Lindsay’s death, the mill fell down, and the possession of the three acres at the bend was resumed by Coble, who afterwards put his two sons, Samuel and Daniel Coble, into the possession of that piece, together with the residue of the tract bought from Bell. In September, 1825, an ejectment was brought against them for the whole of this tract upon the demise of one Jane. Welborn, and, upon the trial of that ejectment, it appearing that the said Jane, while a single woman, was seized thereof in fee, and being so seized, had intermarried with one John Welborn, who, by a deed purporting to be the deed of the said John and his wife, but which, because she had not been privily examined thereto, operated as iris deed only, “ had conveyed to John Bell, who conveyed to the said David Coble, and it appearing also that the said John Welborn had died, whereby the estate so by him convey had expired, there was a verdict and judgment in that action for the plaintiff.
 

 After this .recovery, Samuel Coble purchased the land from William Welborn, the son of the said Jane, who had obtained a conveyance thereof from his mother, and on the 25th of November, 1826, received a conveyance in fee simple from the said William. In the succeeding year, David Co-ble died intestate, and his son, the said Samuel, obtained letters of administration upon his estate. The plaintiffs, who are the heirs at law of Samuel Lindsay, and who at his death were infants of very tender years, in April 1834, filed this their bill against the said Samuel, claiming from him a conveyance of the three acres set forth as aforesaid in the bond of his intestate, which bond they had .caused to be proved
 
 *606
 
 and registered under the act of 1797, ch. 478, (Rev. Stat. 46, sect. 28,) authorizing the executors or administrators of deceased persons in certain cases to execute deeds of'conveyance for lands sold by their testators or intestates. We think it very clear, that the plaintiffs can have no decree against the defendant. Waiving every other difficulty in their way, one is insuperable. The act referred to, authorizes and empowers an executor or administrator to execute a deed of conveyance, where the testator or intestate has given a bond for title, when the land has been
 
 bona fide
 
 sold by the deceased. To make this such a case, it must be shewn that there was a valuable consideration for the engagement of the deceased, and that consideration paid, or such acts done or offered to be done, on the part of him demanding a conveyance, as were equivalent under the contract of the parties to a payment of that consideration. See
 
 Hodges
 
 v
 
 Hodges,
 
 2 Dev. &. Bat. Eq. Reps. 72.
 

 The bill must be dismissed with costs.
 

 Per Curiam. Bill dismissed with costs.